Dear Mr. Thorns:
On behalf of the Industrial Development Board of the City of New Orleans, Louisiana, Inc. (the "Board") you requested the opinion of this office regarding certain housing development facilities acquired by the Board.
According to your request, the Board has issued revenue bonds pursuant to Chapter 7 of Title 51 of the Louisiana Revised Statutes of 1950, as amended, for redevelopment of portions of certain public housing developments within the City of New Orleans, specifically the Florida, Fischer, Guste and Desire housing developments. In this regard, the Board has worked with several limited liability companies which you advise constitute affiliates of the Housing Authority of New Orleans ("HANO"). With the proceeds of the bonds, the Board acquired improvements (the "Improvements") on land owned by HANO and leased to the Board for the construction, rehabilitation and/or equipping of residential rental facilities at each of the housing developments (the "Projects"). Each of the Projects has been leased by the Board to a HANO affiliate for payments sufficient to pay the debt service on the revenue bonds associated with each individual project.
Specifically, you request our opinion with respect to the exemption of each the Projects from the ad valorem tax rolls for the term of the bonds and while owned by the Board.
La. Const. (1974) Art. VII, Sec. 21 provides a list of property that shall be exempt from ad valorem taxation. "Public lands; other public property used for public purposes" is included within the list of exempt property. Article VII, Section 21(A), when referring to the tax exempt status of public property, other than public lands, imposes a two-fold requirement that:
(1) Title to the property must vest in the public; and
(2) The property must be used for a public purpose.
We believe the necessity of meeting both criteria is clearly recognized by the Louisiana Supreme Court in Slay v. LouisianaEnergy and Power Authority, 473 So.2d 51 (La. 1985). Justice Calogero, writing for the Court, initially addressed the issue of the public status of the Louisiana Energy and Power Authority (LEPA) and the Lafayette Public Power Authority (LPPA), and determined that both constituted units of local government and/or political subdivisions of the state. Thus, property owned thereby constituted "public property" for purposes of Article VII, Section 21(A).
Shifting its focus to the second requirement, the Court stated:
 "The second requirement for ad valorem tax exemption is that the public property be used for a public purpose. Providing electric service is a public function. . .
 For the foregoing reasons, we hold that the public power authorities, LEPA and LPPA, are political subdivisions of the State of Louisiana, constitutionally created by statute (LEPA) and by statute and ordinance (LPPA), and that their respective ownerships interest in Rodemacher 2 constitute public property used for public purposes, exempt from ad valorem taxation by virtue of Article VII, § 21(A) of the Louisiana Constitution of 1974."
This office has previously recognized that the fact that public property is leased to a private entity does not preclude it from being used for a public purpose so as to be exempt. See: Attorney General's Opinion Nos. 93-392 and 89-599.
Industrial Development Boards are nonprofit public corporations organized pursuant to LSA-R.S. 51:1151, et seq. for the purpose of promoting the existence, development and expansion of commerce, trade and industry in this state. Pertinently, however, LSA-R.S.51:1151(4)(b) defines "development project" to include:
 "any other facility that is determined by an industrial development board to be instrumental to the removal of blight or the redevelopment of distressed areas, or to promote economic development through the creation of jobs, or to enhance the tax base of a community through the construction of, renovation, or rehabilitation of improvements"
With regard to Industrial Development Boards, LSA-R.S. 51:1152A(6) pertinently provides:
 "That the means and measures herein authorized by this chapter and the assistance provided in this chapter, especially with respect to financing, are in the public interest and serve a public purpose of the state in promoting the health, welfare, and safety of the citizens of the state . . ."
Also pertinent are the provisions of LSA-R.S. 51:1152B, which provide:
 "It is the intent of the legislature by passage of this Chapter to authorize the incorporation in the several municipalities or in the parishes in this state of public corporations to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to promote industry and develop trade by inducing manufacturing, industrial, commercial and other enterprises to locate in this state and further the use of its agricultural products and natural resources . . . and to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to attract and retain business and commercial enterprises in the municipality or parish to maintain and expand employment and the economy in the area. This chapter shall be liberally construed in conformity with the intentions herein expressed." (Emphasis added).
Additionally, LSA-R.S. 51:1160 pertinently provides:
 "The corporation is hereby declared to be performing a public function_on behalf of the municipality or parish with respect to which the corporation is organized and to be a public instrumentality of such municipality or parish. Accordingly, the corporation and all properties at any time owned by it and the income therefrom and all bonds issued by it and the income therefrom shall be exempt from all taxation in the state of Louisiana " (Emphasis added).
Attorney General's Opinion No. 77-916 determined, in accordance with the constitutional and statutory provisions quoted hereinabove that all property held in the name of Industrial Development Boards is exempt from all ad valorem taxation in the State of Louisiana.
Attorney General's Opinion No. 93-642 concluded that when an Industrial Development Board issues bonds to finance the acquisition of an office building to be used as the corporate headquarters of a holding company and its wholly owned subsidiary, which office building is titled in the Industrial Development Board and leased to the subsidiary, the property would be exempt from ad valorem taxation.
Most pertinent to your request is Attorney General's Opinion No. 99-267 (as modified by Op. No. 99-267-A), which determined that land and improvements acquired by the Industrial Development Board of the City of New Orleans and then leased by it to a private company for the development of a multi-family residential housing development is exempt from ad valorem taxation.
Based upon the foregoing, it is the opinion of this office that property owned by the Board and comprising part of the Projects (i.e. the Improvements) and leased by it to the HANO affiliates, so long as title to the property is held by the Board, should remain exempt from ad valorem taxation in accordance with LSA-R.S.51:1160.
Please be advised that our determination herein is based upon the assumption that the Board has determined the Projects, in accordance with LSA-R.S. 51:1151:
 "to be instrumental to the removal of blight or the redevelopment of distressed areas, or to promote economic development through the creation of jobs, or to enhance the tax base of a community through the construction of, renovation, or rehabilitation of improvements"
Please be further advised that our opinion is strictly limited to the question of the taxability of the Improvements, which are actually owned by the Board.
Additionally, we note that this office is not in a position to examine the specific documentation underlying the transaction you described in your request, nor did you seek the opinion of this office with respect to the legality thereof. However, we are compelled to direct your attention to Act 361 of the 2004 Regular Legislative Session, and in particular LSA-R.S. 38:2225.3B, enacted thereby. This provision of law prohibits political subdivisions from letting contracts in connection with public works projects, specifically projects which include the lease of property during construction of the work. We assume that the Board, or its legal counsel, has examined this provision of law and determined that it does not prohibit the Projects.
Trusting this adequately responds to your request, we are,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam